Parker C. J.
gave the opinion of the Court in substance as follows. The place where the nuisance is alleged to be erected was laid out by the town of Dorchester in the year 1658 as a common landing place. It is not stated to have been laid out for the particular benefit of the town. If it were', however, upon the incorporation of Milton the inhabitants of the several towns composing Dorchester when it was thus appropriated, would retain their right to use it, and this would constitute it a public landing place. The inhabitants of Milton have exercised acts of ownership over it, but they have mistaken their rights ; for Dorchester having laid it out without designating it to be for the use of that town only, it is to be considered as laid out for the public convenience ; and the public had a right to úse it until it should be discontinued by proper authority. Common landing places are recognised by statute, and provision is made for abatement of nuisances on them. The statute contains, however, a provision in favor of persons who have encroached and have had possession for a certain number of years ; St. 1786, c. 67, § 7 ; and so much of this land as has been occupied by houses for the time mentioned in the statute, the public do not attempt to meddle with, but with the rest Milton has no particular right.
It is contended that this landing place is a town way, and that such way may be discontinued by the town where it is situated. But we think that this is something distinct from a way. There seems to be no express authority given to towns *51 to discontinue town ways, but without doubt such authority exists by implication, towns having power to make new ways which would render old ones of no use. But a public landing place is not within their power. It may be that some public landing places have become of no use, but the authority to discontinue them is in the legislature.[1]

Motion for a new trial overruled.

 See Kean v. Stetson, 5 Pick. 492; Bethum v. Turner, 1 Greenl. 111; in which it was decided that selectmen have no authority to lay out a public .anding. In New Hampshire a town has a right to discontinue a way laid out by the town, under a statute. State v. Hampton, 2 N. Hamp. R. 24.